Opinion by
 

 Reno, J.,
 

 Appellant is the widow, executrix and sole legatee of Harry C. Deakyne. At the audit of her first and final account the court below allowed the claim of George M. Ewing for architectural services, and she has appealed in her capacity as executrix. Since she was not personally surcharged she has no standing to appeal as executrix but as sole legatee she will be permitted to retain the benefit of the appeal.
 
 Follansbee Est.,
 
 161 Pa. Superior Ct. 31, 53 A. 2d 864, and the cases there cited.
 

 Admittedly her husband and she engaged claimant to prepare plans and specifications for remodeling a dwelling which they owned as tenants by the entireties, and the decedent paid $300 on account. The agreement did not fix claimant’s fees, and he claimed their reasonable value. The services rendered were shown by claimant’s office records which were identified and authenticated by the testimony of his secretary. They disclosed the number of hours spent by claimant, his associates and employes on the project. The blue print, plot, plan, sketch, the primary layout and elevation sheet were also introduced in evidence. A registered and qualified architect testified that the fair and reasonable value of the services rendered was $1500. The court below allowed the claim in the sum of $1200, deducting the $300 payment.
 

 The finding of the court is tantamount to the verdict of a jury which we are powerless to disturb except for clear error.
 
 Roberts Est.,
 
 350 Pa. 467, 39 A. 2d 592.
 
 *529
 
 It is supported by abundant evidence which completely meets the essential requirements of a quantum meruit claim against a decedent’s estate.
 
 Lach v. Fleth,
 
 361 Pa. 340, 64 A. 2d 821.
 

 Claimant’s office time cards were properly considered business records, and although they were professional records they were admissible in evidence.
 
 McKeehan Est.,
 
 358 Pa. 548, 57 A. 2d 907. The Uniform Business Records as Evidence Act of May 4, 1939, P. L. 42, §1, 28 P. S. §91 (a) defines the term “business” as including “every kind of business,
 
 profession,
 
 occupation, calling, or operation of institutions, whether carried on for profit or not.” ( Emphasis supplied.) The court below, upon evidence which is sufficiently clear, expressly found “the testimony concerning the manner of preparation and keeping of the original time cards is quite convincing as to their authenticity and probative value.” They fulfilled the requirements of the Act, supra, §2, 28 P. S. §91 (b), and the court properly admitted them in evidence.
 

 Appellant’s principal contention is that there was an express contract for claimant’s services, that it definitely fixed the amount to be paid for his services, and that therefore he could not recover their reasonable value as on a quantum meruit. The short answer is that the evidence does not sustain the contention. The payment of $300 on account is equally consistent with an express contract or a quantum meruit. Appellant, called upon cross-examination, testified that she and her husband engaged claimant’s services. If, as she now claims, the engagement was for a fixed fee, she might have produced evidence sustaining that contention. She chose to remain silent, and as the able auditing judge pertinently observed: “Accordingly, she cannot now be heard to complain that the real transaction was different from that disclosed by the evidence.”
 

 Decree affirmed; costs to be paid by the estate.