## Bridgeport Garage v. Smith

*Charles W. Eaby*, for plaintiff.
*Daniel H. Shertzer*, for defendant.

WISSLER, J., March 27, 1953.—Plaintiff B. F. Nolt, trading and doing business by and under the name of the Bridgeport Garage, and registered under the Fictitious Names Act, brought an action in assumpsit against defendant Don Smith to recover certain moneys alleged to be due him by reason of certain gas and oils and merchandise purchased by defendant, and also for labor rendered in connection with the trucks of defendant. The jury found in favor of plaintiff in the amount of $246.14.

Defendant filed five reasons for new trial. The first three reasons, namely, the verdict was against the evidence, the weight of the evidence and the law, were not pressed at the time of the argument and therefore need not be considered. The fourth reason alleges that the court erred in admitting exhibits nos. 1 to 24. According to the testimony these exhibits represented slips made out in duplicate for gas and oils sold to

defendant, one of which was retained by plaintiff or seller and the other by the purchaser or defendant, or his employe. Some of the exhibits also represented bills for labor and material furnished defendant for his trucks. The smaller slips representing the sale of gas and oils were entered daily, and the larger slips representing labor and parts for repair of defendant's trucks were entered after the completion of the job in the same book or ledger.

It is the contention of defendant that exhibits nos. 1 to 24 were not admissible because they do not come within the provisions of the Uniform Business Records as Evidence Act of May 4, 1939, P. L. 42, 28 PS §91a. In Henry on Evidence, section 92A, page 142, it is stated:

"Questions of competency of book entries have been largely eliminated by the passage of the 'Uniform Business Records as Evidence Act' which defines 'business' as 'every kind of business, profession, occupation, calling or operation of institutions, whether carried on for profit or not', and provides that 'A record of an act, condition, or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation and if it was made in the regular course of business at or near the time of the act, condition, or event and if, in the opinion of the court, the sources of information, method, and time of preparation were such as to justify its admission.'"

Our appellate courts have held that this act does not intend to make relevant that which is not relevant, nor to make all business and professional records competent evidence regardless of by whom, in what manner and for what purpose they were compiled, or offered: Freedman v. The Mutual Life Insurance Company of New York, 342 Pa. 404. However, in McKeehan Estate, 358 Pa. 548, it was held that the testimony of a

physician's secretary and his records made in the course of his professional conduct were admissible to prove the number of visits made by him and the treatment prescribed, since they were made contemporaneously with the acts to which they purport to relate. Likewise, in Deakyne Estate, 166 Pa. Superior Ct. 527, it was held that the office time cards of an architect were admissible under the Uniform Business Records as Evidence Act.

In the instant case the record of the act, namely, the duplicate sales slip, was testified to by plaintiff as having been made in the regular course of business at or near the time of the act, and therefore within the contemplation of the Uniform Business Records as Evidence Act, and is especially applicable since plaintiff's statement of claim was not based on a book account but for merchandise sold and labor performed at the times and for the amounts as evidenced by the sales slips (exhibits nos. 1 to 24). The Uniform Business Records as Evidence Act was passed to meet modern business methods making business records, not strictly book accounts, competent legal evidence under certain conditions, namely, that the record be identified, the mode of preparation shown, and that it was made in the regular course of business at or near the time of the act. A duplicate of the daily sales slips for gas and oil, and slips for labor and materials furnished, both of which were entered in the same ledger, it seems to this court were properly admitted in evidence to prove the number of daily sales and repairs made, since they were made contemporaneously with the acts to which they purport to relate and were made under circumstances which suggest no motive for falsification.

The last and fifth reason alleges that the trial judge erred in permitting plaintiff to amend his complaint so as to include labor performed. This reason was not pressed at the time of the argument, and no doubt

with good reason, as defendant did not seek to avail himself of a continuance of the case under a plea of surprise suggested by the court.

And now, March 27, 1953, the rule for new trial is discharged.